# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN DEGROOT, | Civil Action No. 2:20-cv-1653 |
| Plaintiff, | |
| v. | |
| UNIFUND CCR, LLC, | |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Unifund CCR, LLC ("Unifund") is removing the civil action captioned *Benjamin Degroot v. Unifund CCR, LLC*, pending in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number GD-20-009127, to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

**I.   INTRODUCTION**

1.   On August 25, 2020, Plaintiff Benjamin Degroot ("Plaintiff") initiated this civil action by filing a Praecipe for Writ of Summons against Unifund in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number GD-20-009127. The Praecipe for Writ of Summons, but not the Writ of Summons itself, was served on Unifund on September 16, 2020. A true and correct copy of the Praecipe for Writ of Summons is attached hereto as **Exhibit A**. On September 30, 2020, Plaintiff filed a Complaint in Civil Action (sometimes, "Compl.") against Unifund. The Complaint in Civil Action was served on the undersigned counsel for Unifund by e-mail on October 20, 2020. A true and correct copy of the Complaint in Civil Action is attached hereto as **Exhibit B**.

2. Plaintiffs' Complaint in Civil Action alleges that Unifund violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by making false representations and engaging in deceptive conduct. Plaintiffs' Complaint in Civil Action asserts causes of action for violations of the FDCPA, 15 U.S.C. §§ 1692, 1692e, 1692e(8), and 1692(d) (Compl., Count I), violations of the FDCPA, 15 U.S.C. §§ 1692f, 1692f(8), and 1692(d) (Compl., Count II), and a permanent injunction (Compl., Count III). Plaintiffs' Complaint in Civil Action seeks actual damages, statutory damages, sanctions, attorneys' fees and costs, and injunctive relief. (Compl., Counts I, II, and III).

## II. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OF THIS CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331.

### A. This Court has original subject matter jurisdiction of Plaintiff's claims for violations of the FDCPA (Counts I and II) pursuant to 28 U.S.C. § 1331.

3. This Court has original jurisdiction over Plaintiff's claims for violations of the FDCPA (Compl., Counts I and II) pursuant to 28 U.S.C. § 1331, because the federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and this civil action (*see,* Compl., Counts I and II) arises under the FDCPA, a federal law. *See, e.g., Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir. 1987).

### B. This Court has supplemental or pendent subject matter jurisdiction of Plaintiff's claim for a permanent injunction (Count III) pursuant to 28 U.S.C. § 1367.

4. This Court should also exercise jurisdiction over Plaintiff's claim for a permanent injunction (Compl., Count III) pursuant to 28 U.S.C. § 1367 because it is so related to Plaintiff's claims for violations of the FDCPA (Compl., Counts I and II) that it forms part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a) ("[I]n any

civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see, also, Local No. 1 (ACA) Broadcast Employees of International Brotherhood of Teamsters, etc. v. International Brotherhood of Teamsters,* 614 F.2d 846, 850 (3d Cir. 1980) ("Federal courts have the constitutional power to exercise pendent jurisdiction when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction on the court.")

### III. UNIFUND SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

5. Plaintiff's Complaint in Civil Action was served on Unifund on October 20, 2020. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).  28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.").

6. The Court of Common Pleas of Allegheny County, Pennsylvania is located within the Western District of Pennsylvania, *see*, 28 U.S.C. § 105(b), and venue for this action is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a) because the Western District of Pennsylvania is the "district and division embracing the place where such action is pending."

7. Immediately following the filing of this Notice of Removal, Unifund will file a Notice of Filing Notice of Removal in the Court of Common Pleas of Allegheny County, Pennsylvania and serve the same upon Plaintiff as required by 28 U.S.C. § 1446(d).  A true and

correct copy of the Notice of Filing Notice of Removal (without Exhibit) is attached hereto as **Exhibit C**.

## IV. NON-WAIVER AND RESERVATION

8. By removing this civil action to this Court, Unifund does not waive any defenses, objections, or motions available under state or federal law. Unifund expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal of Plaintiff's claims on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum *non conveniens*.

WHEREFORE, Defendant Unifund CCR, LLC hereby gives notice that the civil action captioned *Benjamin Degroot v. Unifund CCR, LLC* pending in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number GD-20-009127 is removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully submitted,

Dated: October 30, 2020

/s/ Nicholas J. Godfrey
Nicholas J. Godfrey, Esq.
Pa. I.D. No. 312031
DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222
412.288.5861 (t)
412.281.5055 (f)
nicholas.godfrey@dinsmore.com

*Counsel for Defendant Unifund CCR, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following this 30th day of October, 2020 by the Court's CM/ECF System and/or E-Mail:

>Joshua P. Ward, Esq.
>Kyle Steenland, Esq.
>The Law Firm of Fenters Ward
>The Rubicon Building
>201 South Highland Avenue
>Suite 201
>Pittsburgh, PA 15206
>
>*Counsel for Plaintiff Benjamin Degroot*

/s/ Nicholas J. Godfrey
Nicholas J. Godfrey, Esq.